(Reap. Dec. 9194)

Ira Furman Co. *v.* United States

Entry Nos. 59202; 69062.

(Decided July 16, 1958)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

Donlon, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties:

IT IS STIPULATED AND AGREED by and between the respective parties hereto that the merchandise covered by the Appeals to Reappraisement enumerated above consists of corned beef in cans imported from Paraguay.

That on or about the exportation of said merchandise such or similar merchandise was not freely offered for sale to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities or in the ordinary course of trade for home consumption or for export to the United States; that such or similar imported merchandise was freely offered for sale in the United States for domestic consumption in the usual wholesale quantities in the ordinary course of trade as defined in Section 402 (e) of the Tariff Act of 1930; that the United States value, as defined in Section 402 (e) of the Tariff Act of 1930 is the proper basis of appraisement of said merchandise; and that said United States values for the merchandise covered by each of the appeals enumerated above are as follows:

Reappraisement 278061–A, Entry 59202/51 embraces invoice
    dated on or about November 30, 1951_____ $12.6733 per case
                                                            of 48 tins, net
                                                            packed.
Reappraisement 278062–A, Entry 69062/52 embraces invoice
    dated on or about March 8, 1952_____ $13.1433 per case
                                                            of 48 tins, net
                                                            packed.

IT IS STIPULATED AND AGREED that the above-enumerated appeals to reappraisement be submitted on the foregoing stipulation.

The stipulation is not, of course, acceptable as the stipulation of an issue of law, namely, that United States value is the proper basis of appraisement of this merchandise. The facts stipulated are, however, sufficient to permit decision.

Accepting this stipulation as an agreed statement of facts, I find and hold that United States value, as defined in section 402 (e) of the Tariff Act of 1930, as amended, is the proper basis for determination of value of the canned corned beef described in the invoices and entries covered by these appeals; and that, in reappraisement 278061–A, such value is $12.6733 per case of 48 tins, net packed, and, in reappraisement 278062–A, such value is $13.1433 per case of 48 tins, net packed.

Judgment will be entered accordingly.